# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Michele L. Tackett, | : | Case No. 1:08CV1343 |
| | : | |
| Plaintiff | : | Judge James S. Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §405(g)seeking judicial review of defendant's final determination denying plaintiff's claim for disability benefits, 42 U.S.C. §§416(i), 423, is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in her favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff applied for benefits on March 19, 2004, alleging an onset date of April 3, 2003.  In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "learning disable, 2 herniated discs" and "learning disable, can't do light work, can't do heavy work because of back, can't have surgery because of weight."

Upon denial of plaintiff's claim on the state agency level hearing <u>de</u> <u>novo</u> before an Administrative Law Judge (ALJ) was requested.  An evidentiary hearing was held on May 1, 2007 by teleconference, with the ALJ in Chicago, Illinois, and the plaintiff, her counsel, a medical expert,

Dr. Ronald Kendrick, and a vocational expert, Mr. Michael Klein, in Mansfield, Ohio.

At that hearing the plaintiff acknowledged that she was working part-time checking inventory at department stores, the number of hours per week being unclear, and that prior to that job she worked 20 hours a week at the YMCA cleaning restrooms and classrooms and doing the windows. While she briefly testified concerning her mental limitations,[1] the principal thrust of her testimony as to why she is unable to work was due to physical limitations and constant back pain.  She did not make any claim that her learning disability was of such severity that it precluded her holding a job.

On October 18, 2007 the ALJ entered his opinion denying plaintiff's claim.  That decision became defendant's final determination upon denial of review by the Appeals Council on April 3, 2008.  The headings on the ALJ's "Finding of Fact and Conclusions of Law" were:

1. The claimant meets the non-disability requirements for a period of disability and disability insurance benefits set forth in section 216(i) of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity (SGA) since April 3, 2003 (20 CFR §404.1520(b)).

3. The claimant has the following severe impairments: degenerative disc disease at Lt-S1, borderline intellectual functioning, bilateral carpal tunnel, and status post carpal tunnel releases (20 CFR §404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4 including sections 1.02, 1.04, 11.14, and 12.05 (20 CFR §404.1520(d)).

5. Upon careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary

---

[1]The sum total of that testimony was that she graduated from high school in Special Ed., that she "can read but I don't understand the stuff," cannot add or subtract very well, and when asked if she reads the paper she stated "I just mostly look at it."

2

work, no climbing of ropes, ladders, or scaffolds, no work at unprotected heights or around dangerous moving machinery, open flames, or bodies of water, frequent fine finger manipulation and forceful gripping bilaterally, and simple, unskilled work.

6.   The claimant is unable to perform any past relevant work (20 CFR §404.1565).

7.   The claimant was born on March 20, 1969 and was 34 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 920 CFR §404.1563).

8.   The claimant has at least a high school education and is able to communicate in English (20 CFR §404.1564).

9.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR §§404.1560(c) and 404.1566).

11.   The claimant has not been under a "disability," as defined in the Social Security Act, from April 3, 2003 through the date of this decision (20 CFR §404.1520(g)).[2]

The standards which control on a review of this nature were summarized by the Sixth Circuit

in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) as follows:

Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion, Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967).  This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972).  Rather "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..."  42 U.S.C. §405(g).

The Supreme Court has stated that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to

_____

[2]There is no section number 10 in the ALJ's decision.

support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401
(1971).  Substantiality of the evidence must be based upon the record
taken as a whole.  <u>Allen v. Califano</u>, 613 F.2d 139, 145 (6th Cir.
1980), <u>citing</u> <u>Futernick v. Richardson</u>, 484 F.2d 647 (6th Cir.  1973).
"Substantial evidence is not simply some evidence, or even a great
deal of evidence.  Rather, the `substantiality of evidence must take
into account whatever in the record fairly detracts from its weight'."
<u>Beavers v. Secretary of Health, Education and Welfare</u>, 577 F.2d 383,
387 (6th Cir. 1978), quoting <u>Universal Camera Corp. v. N.L.R.B.</u>, 340
U.S. 474 (1951).  "We may not focus and base our decision entirely
on a single piece of evidence, and disregard other pertinent evidence."
<u>Hephner v. Mathews</u>, 574 F.2d 359, 362 (6th Cir. 1978).

In resolving the issue of whether the defendant's final determination is supported by substantial evidence the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination.  Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination.  In <u>Mullen v. Bowen</u>, 800 F.2d 535, at 545 (6th Cir. 1986), the court cited with approval the following from <u>Baker v. Heckler</u>, 730 F.2d 1147, 1150 (8th Cir. 1984):

The substantial-evidence standard allows considerable latitude to
administrative decision makers.  It presupposes that there is a zone of
choice within which the decision makers can go either way, without
interference by the courts.  An administrative decision is not subject
to reversal merely because substantial evidence would have supported
an opposition decision.

On this appeal the sole issue raised by plaintiff's new counsel is that the ALJ erred in failing to find that the plaintiff meets or equals Listing 12.05C of the Listings of Impairments.  As articulated in plaintiff's submission that issue is framed as:

Whether the decision erred in failing to find Ms. Tackett's condition
met or equaled Listing 12.05C where

• Ms. Tackett has a valid verbal IQ score of 65 and the

4

decision erred in relying solely on the performance IQ
instead;

- Ms. Tackett has deficits in adaptive functioning
  consistent with the listing and the decision provides no
  analysis of the evidence on this point?

Whether the decision erred in its finding of residual functional
capacity where the State agency psychologists who had all of the test
results and psychological evidence to review found Ms. Tackett more
limited by her cognitive impairments, and the decision erroneously
rejected these opinions?

Taking up first the argument that the ALJ should have found the plaintiff disabled as meeting

or equaling Listing 12.05C, that Listing provides for recognition of disability based upon:

**12.05 Mental Retardation and Autism:** Mental retardation refers to
a significantly subaverage general intellectual functioning with
deficits in adaptive behavior initially manifested during the
developmental period (before age 22). (Note: The scores specified
below refer to those obtained on the WAIS, and are used only for
reference purposes. Scores obtained on other standardized and
individually administered tests are acceptable, but the numerical
values obtained must indicate a similar level of intellectual
functioning.) Autism is a pervasive developmental disorder
characterized by social and significantly communication deficits
originating in the developmental period.

The required level of severity for this disorder is met when the
requirements in A, B, C, or D are satisfied.

\*   \*   \*

C. A valid verbal, performance, or full scale IQ of 60 through 70 and
a physical or other mental impairment imposing additional and
significant work-related limitation of function.

Although at the evidentiary hearing plaintiff's counsel did not argue that his client should be

found disabled under Listing 12.05C, the ALJ did address that issue in his decision. Therein he

stated:

5

I have considered the claimant's impairments pursuant to Listing 12.05C, which includes a diagnosis of mental retardation, a Performance, Verbal, or Full-Scale IQ of 70 or below and an additional physical or mental impairment imposing an additional and significant work-related limitation of function.  I first find that she does not meet the criteria for diagnosis of mental retardation.  In a disability report, she wrote that she can read and write (Exhibit 1E/2). her grades in high school were all passing (Exhibit 11E).  Most recent IQ testing was an "inaccurate" estimate.  Therefore, I am hesitant on relying on that test.  However, prior to that she scored within the borderline range.  She had good grades in high school.  Additionally, school records did not evidence that deficits in adaptive functioning were present during the developmental period.  Accordingly, I find that she has a mild restriction of activities of daily living and no difficulties in maintaining social functioning.  She has moderate difficulties in maintaining concentration, persistence, or pace.  She reportedly can not manage a checkbook (Exhibit 7E).  She alleged that she could never manage money.  She can not finish what she starts.  She is forgetful.  She has fair memory.  She can not understand written instructions (Exhibit 10E).  She has experienced no extended periods of decompensation.  Based upon these findings, she does not qualify for disability under Listing 12.05C, as she meets neither the diagnostic criteria for mental retardation nor the requirement for deficient adaptive functioning.  Neither does the evidence support a finding that such impairment, even if it could be characterized as mental retardation, was manifested during her developmental period, as required by the diagnostic criteria for the mental retardation listing.

In this Court's opinion the ALJ's determination in this regard was within his zone of choice. The plaintiff has undergone several IQ evaluations, and while some would bring her within the Listing others would not.  It was within the ALJ's discretion as trier of the facts to decide which he considered the more reliable.

More importantly, this Court believes the ALJ was correct in holding that the record does not evidence deficits in adaptive functioning present during the developmental period, i.e., before age 22.  The simple fact that the plaintiff achieved her high school diploma while in special education does not demonstrate deficits in adaptive functioning within the ambit of the Listing.

6

Notwithstanding her limited intellect the plaintiff functioned well enough to hold a number of jobs until the time she maintains she became physically limited.[3]

There is, however, an element of this case which this Court believes requires reversal and remand for further proceedings.

Under date of December 14, 2004 a state agency medical consultant, Alice Chambly, prepared an assessment of the plaintiff which was countersigned by a reviewing psychologist, Dr. Leslie A. Rudy, under date of February 15, 2005 (Exhibit 10F).  The last line of that assessment reads "Claimant is capable of performing simple, routine tasks without strict time or production pressures and with few changes."

In posing a hypothetical question to the vocational expert, the response to which underlies the ALJ's Finding No. 9, the ALJ postulated a limitation to "simple unskilled work," but did not incorporate the added limitations of "without strict time or production pressures and with few changes."

In the body of his decision the ALJ stated "As for the opinion evidence, I find that the opinions provided by the state agency (id., Exhibits 10F, 8F, 7F), treating counselor (Ms. Parish) (Exhibit 1F/38), and examining psychologist (Dr. J. Konieczny) (Exhibit 4F/8) are entitled to little weight because they did not have the benefit of medical evidence submitted subsequent to those decisions (20 CFR §404.1527 and Social Security Ruling 96-6p)."  While that may be true as regards the other exhibits alluded to by the ALJ it is not true as regards Exhibit 10F, the assessment signed off by ms. Chambly and Dr. Rudy.  There is not a scintilla of evidence in this record probative of the

_____

[3]In fact, although the job she was performing at the time of the evidentiary hearing was held not to amount to substantial gainful activity, it is not at all clear that the fact that she was working a limited number of hours a week was because she could not work more hours, rather than those hours being all that were offered her or all that she chose to work.

plaintiff's mental/emotional state post-dating December 14, 2004.

While it may be that the ALJ could have discounted that assessment on some other basis, that does not negate the fact that his articulated reason for doing so is unsustainable.  This being so, the limitation expressed by Ms. Chambly and Dr. Rudy stands uncontradicted, and indeed is consistent with other of the assessments of the plaintiff's capabilities/limitations, and should have been incorporated into the hypothetical question to the vocational expert.

Whether that would have altered the vocational expert's opinion cannot be known.

It is, therefore, recommended that the defendant's final determination be reversed and the matter remanded for further proceedings.[4]

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   June 11, 2009

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[4]Considering the two year lapse of time since the original evidentiary hearing and the fact that the hearing was by video conference this Court believes that a supplemental hearing should be held, preferably with the plaintiff and an ALJ face to face, with the medical evidence updated, and a new decision entered.