```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                           :
MICHELE L. TACKETT                         :
                                           :    CASE NO. 1:08-CV-1343
            Plaintiff,                     :
                                           :
vs.                                        :    OPINION & ORDER
                                           :    [Resolving Doc. Nos. 1, 16.]
MARC G. MATES                              :
Commissioner of Social Security            :
                                           :
            Defendant.                     :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 3, 2008, Plaintiff Michele L. Tackett filed a Complaint under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's denial of her claim for disability benefits. [Doc. 1.] In her Complaint, Plaintiff Tackett argued that the Commissioner's decision is not supported by substantial evidence, is based upon the application of erroneous legal standards, and does not make necessary findings or adequately articulate the reasons for its findings. [Doc. 1 at 1-2.] Tackett also contended in her Complaint that she was not given a full and fair hearing by the Administrative Law Judge ("ALJ"). [*Id.* at 2.] The Commissioner disputes these claims. [Doc. 10.]

This matter was automatically referred to Magistrate Judge David S. Perelman pursuant to Local Rule 72.2. On June 11, 2009, Magistrate Judge Perelman issued a Report and Recommendation that recommended this Court reverse the Commissioner's denial of Plaintiff

Case No. 1:08-CV-1343
Gwin, J.

Tackett's claim for disability benefits and remand the case back to the ALJ for further proceedings.[1/] [Doc. 16.] Neither party objects to the Magistrate Judge's recommendation. [Doc. 17.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within ten days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate judge's report without review. *See Thomas*, 474 U.S. at 149. Moreover, having conducted its own review of the parties' briefs in this case, the Court agrees with the conclusions of Magistrate Judge Perelman.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Perelman's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **REMANDS** this case to the Administrative Law Judge for further proceedings, including a supplemental in-person hearing.

IT IS SO ORDERED.

Dated: June 26, 2009                    s/ *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[1/] These proceedings should ideally include a supplemental in-person hearing before the ALJ during which Plaintiff Tackett could present updated medical evidence. One issue to be explored during the supplemental hearing is the Plaintiff's mental and emotional state after December 14, 2004. Following the hearing, the ALJ should enter a new decision regarding the Plaintiff's claim for disability benefits.